■ In the Matter of Luis Torrellas, Petitioner, v Donald Dilworth, as Police Commissioner of the County of Suffolk, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of respondent police commissioner finding petitioner guilty of violating certain departmental rules and fining him seven days vacation pay. Determination confirmed and proceeding dismissed on the merits, with costs. No opinion. Mangano, J.P., Rabin, Gulotta and Weinstein, JJ., concur.

■ In the Matter of Fred C. Trump, Respondent, v Harry S. Tishelman, as Commissioner of Finance of the City of New York, Appellant. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the New York City Commissioner of Finance to reduce the assessed value of certain property owned by the petitioner, the appeal is from a judgment of the Supreme Court, Kings County, dated July 18, 1980, which granted the petition. Judgment affirmed, without costs or disbursements. The commissioner concedes that on March 3, 1980, he mailed a notice to the petitioner which advised that the assessed valuation of certain property owned by the latter would be increased effective the date of the notice. The commissioner's failure to give petitioner 10 days prior written notice of the increase in valuation as required by section 1512 of the New York City Charter rendered that increase void (see *Matter of Grand Cent. Bldg. v Tishelman,* 78 AD2d 509, mot for lv to app den 52 NY2d 705). The language of section 1512 is unambiguous and must be given effect. Hopkins, J.P., Damiani, Lazer and Cohalan, JJ., concur.

■ In the Matter of Julius Wald, Appellant, v Office of Court Administration of the State of New York, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dismissing petitioner from his position as court clerk of the County Court, Nassau County, the petitioner appeals from a judgment of the Supreme Court, Nassau County, entered February 29, 1980, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. In the light of the circumstances disclosed by this record, the penalty of dismissal was proper. Titone, J.P., Gibbons, O'Connor and Thompson, JJ., concur.

■ In the Matter of Fred Wood, Petitioner, v James E. Kirby, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents. — Determination of the respondent State Commissioner of Social Services, dated May 23, 1979, confirmed and proceeding, as to petitioner Wood, dismissed on the merits, without costs or disbursements. No opinion. Titone, J.P., Gibbons, O'Connor and Thompson, JJ., concur.